IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELYN M. PHILLIPS, Individually and as Next Friend of H.W., Minor Child | § § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. 4:14-cv-950 |
| SUPER SERVICE HOLDINGS, LLC d/b/a SUPER SERVICE LLC, and SHARLENA M. HARRIS | § § § § § | |
| Defendants | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.  Jacquelyn M. Phillips, Individually and as Next Friend of H.W., Minor Child ("Plaintiff"), file this, her Original Complaint, complaining of Defendants Super Service Holdings, LLC d/b/a Super Service LLC and Sharlena M. Harris (collectively "Defendants") and in support thereof would show the Court the following:

**I.
PARTIES**

2.  Plaintiff Jacquelyn M. Phillips is an individual residing in the State of Texas.

3.  Plaintiff H.W., minor child, is an individual residing in the State of Texas.

4.  Defendant Super Service Holdings, LLC d/b/a Super Service LLC ("Super Service") is a Delaware Corporation with its principal place of business in Grand Rapids, Michigan. Defendant is authorized to conduct business in the State of Texas and can be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service upon this Defendant is in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure. This Defendant has conducted business in the State of

Texas in a continuous and systematic manner by owning and operating offices in the State of Texas. This Defendant has consented to the general jurisdiction of the State of Texas by appointing an in-state agent for service in this state.

5. Defendant Sharlena M. Harris is an individual residing in the State of Mississippi and can be served with process at 172 Lovelace Lane, Canton, Mississippi, 39046-8651.

## II.
### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties. Plaintiff is a citizen of Texas, Defendant Super Service Holdings, LLC d/b/a Super Service, LLC is a Delaware Corporation, and Defendant Sharlena M. Harris is a citizen of Mississippi.

7. Damages to the Plaintiff exceed $75,000.00, the minimum jurisdictional limit of this Court.

8. Venue is proper and maintainable in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391, as the Southern District is where a substantial part of the events or omissions giving rise to the claim occurred.

## III.
### FACTS

9. On or about May 4, 2013, Plaintiff Jacquelyn M. Phillips was traveling westbound in the left lane on Interstate 10 in Colorado County, Texas. Plaintiff was driving with a passenger, her daughter, H.W. Defendant Sharlena M. Harris was also traveling westbound on Interstate 10 in the middle lane. Defendant Sharlena M. Harris was driving a vehicle owned by Defendant Super Service Holdings, LLC d/b/a Super Service, LLC. Suddenly and without warning, Defendant Sharlena M. Harris struck Plaintiff's vehicle causing the vehicle to turn

clockwise across the roadway and down a steep embankment on the north side of the roadway. Plaintiff's vehicle struck a barbed-wire fence with its left side.

10. Plaintiff received no warnings prior to the incident and was without fault when Defendant Sharlena M. Harris collided with the vehicle Plaintiff was driving. Said incident was proximately caused by the negligence of Sharlena M. Harris. Plaintiff and her minor child suffered multiple injuries that were the result of the incident in question.

11. At all times material hereto, Defendant, Sharlena M. Harris, was acting in the course and scope of her employment with Defendant, Super Service Holdings, LLC d/b/a Super Service, LLC.

## IV.
## CLAIMS AGAINST DEFENDANTS

**A. NEGLIGENCE – DEFENDANT HARRIS**

12. At the time and on the occasion in question, Defendant, Sharlena M. Harris, while driving in the course and scope of her employment for Defendant Super, failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    a. Failure to control speed;

    b. Failure to operate the vehicle in a non-negligent matter;

    c. Failure to take evasive action or to avoid the collision in question;

    d. Failure to maintain such a lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

    e. Failure to apply the brakes to the vehicle in a timely manner to avoid the collision in question; and

    f. Failure to maintain the vehicle in proper working condition.

13. Such negligence, either singularly or in combination, proximately caused Plaintiff's damages.

B. **NEGLIGENT HIRING – DEFENDANT SUPER SERVICE**

14. Plaintiff pleads that Defendant Super Service owed Plaintiff a legal duty to protect her from Defendant Harris's negligent operation of Defendant Super Service's vehicle. Plaintiff sustained damages proximately caused by Defendant Super Service's breach of said duty. In particular, Defendant Super Service was negligent in hiring Defendant Harris, an incompetent, unfit or reckless employee-driver whom Defendant Super Service knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

C. **NEGLIGENT RETENTION – DEFENDANT SUPER SERVICE**

15. Plaintiff further pleads that Defendant Super Service negligently retained Defendant Harris as an employee-driver. Defendant Super Service owed Plaintiff a legal duty to protect her from Defendant Harris's negligent operation of Defendant Super Service's vehicle. Plaintiff sustained damages proximately caused by Defendant Super Service's breach of said duty. In particular, Defendant Super Service was negligent in retaining the employment of Defendant Harris, an incompetent, unfit or reckless employee-driver who Defendant Super Service, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

D. **NEGLIGENT ENTRUSTMENT – DEFENDANT SUPER SERVICE**

16. Plaintiff further pleads that Defendant Super Service negligently entrusted its motor vehicle to Defendant Harris. Defendant Super Service was the owner of the motor vehicle involved in the collision and consented to and permitted Defendant Harris to operate the motor

vehicle at the time of the collision. Defendant Harris was an incompetent or reckless driver and Defendant Super Service knew or should have known Defendant Harris was an incompetent or reckless driver. Defendant Harris was negligent on the occasion in question in a manner that was reasonably foreseeable by Defendant Super Service and her negligence proximately caused Plaintiff's injuries.

### E. RESPONDEAT SUPERIOR – DEFENDANT SUPER SERVICE

17. Plaintiff affirmatively pleads that any alleged acts or negligence of Defendant Harris who, at the time of the incident made the basis of this cause of action, was in the course and scope of her employment with, or alternatively, was on a mission on behalf of, Defendant Super Service are imputed on to Defendant Super Service under the legal theory of *respondent superior*.

### F. GROSS NEGLIGENCE – DEFENDANTS SUPER SERVICE AND HARRIS

18. Plaintiff alleges gross negligence against Defendants. Defendants acted with malice and/or conscious disregard for human safety. The acts and omissions of Defendants were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety and welfare of Plaintiff. Such conduct was reckless and/or done with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence, Plaintiff's injuries, and Plaintiff's damages. Thus, Plaintiff is entitled to punitive and/or exemplary damages.

19. Defendants were gross negligent in one or more of the following manners:

   a. Failure to control speed;

   b. Failure to operate the vehicle in a non-negligent matter;

   c. Failure to take evasive action or to avoid the collision in question;

      d.      Failure to maintain such a lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

      e.      Failure to apply the brakes to the vehicle in a timely manner to avoid the collision in question; and

      f.      Failure to maintain the vehicle in proper working condition.

**G.    EXEMPLARY DAMAGES**

20.    Because Defendants are liable for gross negligence, punitive damages should be assessed against them, as a deterrent to such future bad conduct and as a punishment for their bad acts, in an amount to be determined by the jury.

### V.
### DAMAGES

21.    Plaintiff incorporates herein the preceding portions of this complaint. As a direct and proximate result of Defendants' negligence, Plaintiff has sustained damages for which she seeks compensation as follows under the law:

      a.      Past and future physical pain and suffering of Plaintiff, and that which she will, in all probability, suffer in the future;

      b.      Past mental anguish of Plaintiff, and that which she will, in all probability, suffer in the future.

      c.      Permanent bodily impairment and disability of Plaintiff;

      d.      The medical expenses that Plaintiff has incurred in the past and will, in all probability, continue to incur in the future;

      e.      Disfurgement and scaring;

      f.      Loss of earning capacity;

      g.      Loss of future earning capacity;

      h.      Any and all other damages in which Plaintiff may be justly entitled; and

      i.      Exemplary damages.

22. Plaintiff seeks pre-judgment and post-judgment interest as provided by law.

23. Plaintiff seeks any and all other relief which the Court may deem appropriate.

## VI.
## PRAYER

24. For the foregoing reasons, Plaintiff requests that the Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing, Plaintiff have and recover from Defendants, damages in accordance with the evidence; costs of court herein expended; interest to which Plaintiff is justly entitled under the law, both pre- and post-judgment; actual damages; compensatory damages; and such other relief, both general and special, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
State Bar of Texas No. 24043538
Federal Bar No. 868540
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827
maziz@abrahamwatkins.com

**ATTORNEY FOR PLAINTIFF**